## H. W. JOHNS CO. v. ROBERTSON et al.

(Circuit Court, S. D. New York. October 4, 1894.)

PATENTS—INSTRUCTION—INFRINGEMENT—ROOFING FABRICS.
     The Johns patent, No. 418,519, for an improvement in roofing fabrics, construed, limited, and held not infringed.

This was a bill brought by the H. W. Johns Company against Henry M. Robertson and others for infringement of a patent.

Wetmore & Jenner, for complainant.

Gallagher, Richards & Dodd and John K. Hallock, for defendants.

TOWNSEND, District Judge. This is a bill in equity for an injunction and accounting by reason of an alleged infringement of

letters patent No. 418,519, granted December 31, 1889, to Henry W. Johns, for an improvement in roofing fabrics. The alleged invention relates to the class of roofing fabrics composed of layers of cloth, paper, and felt pressed together, and coated or saturated with waterproof material. The specification states that in the manufacture of such fabrics it has been found impossible to bring the edges of the sheets evenly together, owing to the frequent deviation of the canvas from a straight line, which necessitated the trimming of the edges of the compound sheet after manufacture. This operation not only involved waste and additional expense, but necessitated the cutting off of the selvage edge of the canvas, which it is particularly desirable to retain in order to strengthen the fabric. By the operation of the machine described by the patentee, the excess in width of the projecting canvas is turned or folded over, and the various sheets are made straight and equal in width, the outflow of the cementing material is obstructed, and the selvage edge of the canvas is retained. The patent in suit does not embrace the mechanism whereby these results are secured, but only the manufactured product. The claims of said patent are as follows:

"(1) A compound sheet comprising, essentially, a plurality of separate sheets of different materials and of average equal widths, one of them being canvas having a selvage edge, any excess in width and projecting edges of the canvas being made straight and equal in width to the other sheets by turning in the edges thereof, and cementing material between the several sheets, substantially as set forth.

"(2) A compound sheet comprising, essentially, a plurality of separate sheets having cementing material between them, one or both the edges of either of said sheets being folded over upon itself, thus thickening the edge of the sheet, and interposing a rib between it and the next sheet, whereby the outflowing of the cementing material is obstructed, substantially as set forth."

The defenses alleged are denial of infringement and invalidity of the patent for various reasons. The conclusions reached render it unnecessary to consider all the defenses in detail. The second claim specifically embraces a construction whereby the cementing material is confined within the fabric by the folding over of one or more of the layers upon itself. The only difference in this regard between the article described in former patents and that of the patent in suit is that in the former one sheet was turned over upon the other sheets, while in the latter such sheet is turned over upon itself. There is some evidence that, prior to the date of the patent in suit, it was customary to make the sheets of material wider than the rolls, and to turn the edges in, either upon themselves or upon the other sheets. The state of the prior art shows a clear anticipation of this claim, unless it is limited to a construction containing one sheet of canvas or burlap. No such limitation is to be found in the language of said claim; but if such limitation is adopted, and if the claim, as thus limited, shows sufficient patentable novelty to give it validity, it is not infringed by defendant's product.

So far as the subject-matter of this claim is concerned, defendant's roofing fabric is manufactured on a machine constructed in accordance with letters patent No. 302,938, granted to W. H. Rankin,

August 5, 1884, and is identical with such fabrics manufactured, long prior to the date of the patent in suit, on such a machine. Furthermore, the Rankin machine does not turn the edges of the material over upon themselves, in the manner described in the patent in suit. That this is so is shown by the letter of the solicitor of the patentee, when the application for the patent in suit was rejected upon the citation of the Rankin patent, as an anticipation. The complainant would seem, therefore, at best, to be forced to choose between the two horns of a dilemma, on one or the other of which it must be impaled. Either the Rankin machine does not make an infringing product, or, if it does, the second claim is anticipated. The first claim of the patent in suit specifically covers the controlling feature of the alleged invention,—canvas with the selvage edge left thereon. Considerable expert testimony is devoted to a discussion of the term "average equal widths," used in said claim, and to the patent-office history of the limitations imposed upon the patent by various rejections and amendments. It is clear therefrom, and from the language of the specification, that roofing fabrics composed of a plurality of separate sheets of different materials and cementing materials were old in the art. A plurality of separate sheets "of different widths" was rejected and abandoned, and "of substantially equal widths" was substituted therefor. This latter term is explained by the applicant as not having reference to sheets intentionally differing in width. If this language refers to the sheets before they are combined, defendant does not infringe, for in his product the canvas sheet is intentionally made narrower than the other sheets. But complainant contends that the language of the claim means that the sheets are to be of average equal widths, after formation into the compound sheet. While this construction is in harmony with some of the language of the specification, it is not easily reconcilable with the express provision in the claim: "Any excess in width and projecting edges of the canvas being made straight and equal in width to the other sheets by turning in the edges thereof." The specification states: "I run the canvas of such width that at no part will it be narrower than the width of the paper and felt." It would seem, therefore, that, after combination, the sheet must be of exactly equal widths, and that the term "average equal widths" refers to the accidentally varying widths of canvas before combining, referred to in the specification. Assuming the construction of the first claim contended for by complainant, the proofs fail to show infringement by defendant. In this connection the suggestions already made concerning the Rankin machine are relevant. But the only evidence of infringement is to be found in the testimony of defendant's witnesses on cross-examination. From this it appears that, in the manufacture of defendant's product on the Rankin machine, it sometimes happens, when the canvas accidentally runs crooked, that the portion of the canvas which bulges out is turned over by the housing on said machine, so as to straighten it, and make it conform to the line of the other sheets. Irrespective of the other considerations already suggested, it does not seem to me that such evidence

of accidental imperfect operation of the machine, upon which the defendant's product is manufactured, is sufficient to establish infringement. No other proof was introduced to show that defendant had ever thus operated said machine or produced such an article; nor did the exhibits introduced by complainant show any such infringement of said claim.

Let a decree be entered dismissing the bill.